## Maier v. Wright.

March 15, 1940.

Joseph J. Hancock, Judge.

Andrew Duncan, Jr., for appellant.
Allen, Schmitt for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF— Reversing.

The appellant, Rose Maier, who was the plaintiff below, brought this action in the Jefferson circuit court seeking to recover of the appellees, T. C. Wright, Ray-

312

mond S. Motte, Sr., M. B. Allmond & Co., and the Superior Petroleum Company, the sum of $400 which she alleged was obtained from her by defendants by fraud and misrepresentation.

For her cause of action it is alleged, in substance, that in the latter part of September 1938, and some time previous thereto, T. C. Wright had occupied and operated a gasoline filling station located at the southeast corner of First and Jefferson Streets in the city of Louisville, Kentucky, which filling station was owned by or leased to the Superior Petroleum Company; that during the latter part of September 1938, T. C. Wright and his co-defendants represented to the plaintiff that T. C. Wright was the owner of the business of operating said filling station and had a contract with the Superior Petroleum Company under the terms of which Wright had the right to continue the occupation and operation of the aforesaid filling station for as long a time as he conducted same properly and diligently and further represented that Wright had a contract or lease that was assignable and that by assignment such rights would be vested in his assignee, but in truth and in fact such representations were untrue and were known to be untrue at the time made by the defendants and made for the purpose of deceiving and defrauding the plaintiff; that she believed and relied upon said representations and as a result she undertook to purchase the said business and paid to the defendant T. C. Wright the sum of $400 for his interest in the aforesaid business. Plaintiff made the further allegation that T. C. Wright never had the right by contract or otherwise to occupy and operate the gasoline filling station except at the sufferance of the Superior Petroleum Company, nor had he any assignable right whatever in or to said business or the operation thereof; that the Superior Petroleum Company had the right to eject Wright or discontinue his connection with said business, with or without cause; that after she attempted to purchase said business upon the said false representations of Wright and his co-defendants, the Superior Petroleum Company ejected Wright therefrom and took charge of the business. She further alleged that she made demand on T. C. Wright and his co-defendants, to return to her the said sum of $400 which they refused and failed to do. She made the further

allegation that defendants contracted and agreed with her that if the Superior Petroleum Company made any objections to the transaction or if she encountered any substantial difficulty in the course of her dealings with the Superior Petroleum Company defendants would return to her the said purchase price of $400. She filed with her petition a fragmentary contract entered into at the time of the transaction, but further alleged that the contract did not set out the whole agreement and that she was induced to sign the contract by reason of the aforesaid false representations. The contract filed with the petition reads as follows:

"Agreement

"I or We hereby agree to buy Interest in Filling Station Located 1st & Jefferson Sts., City of Louisville, State of Kentucky, for and in consideration of the sum of ——— ($400.00) Four Hundred & No/100 Dollars ——— and agree to pay as follows ($400.00) Four Hundred and No/100 Dollars, cash in hand, and balance of ($———) ——— & ———/100 Dollars ——— the inventory represented the money value of the gasoline, oil and grease on hand at the time station is taken over by the purchaser ——— Same to be free and clear of indebtedness, except *none* To show my good faith I herewith hand you ($400) Four *Hunered* & No/100 Dollars, as a deposit which shall be applied on the purchase price.

"In case this offer is not accepted by the owner, this deposit shall be returned to the buyer, or in case the buyer fails to go through with this deal, after this offer is accepted by the owner, this deposit shall be forfeited.

"Remarks ———

"This the 26th Day of September, 1938.

————————        ————————
Agent                    Purchasers

"I, or We, hereby agree to accept the above offer, this the 26 day of September, 1938.
"R. S. Motte            T. C. Wright
                        "Prof. of Business."

Joint and separate answers of defendants and nu-

merous subsequent pleadings were filed, and finally the court sustained the demurrer of T. C. Wright to the petition, and plaintiff refusing to plead further, the petition was dismissed as against T. C. Wright. Plaintiff has filed the record with this court and moved for an appeal.

The order of the court sustaining the demurrer and dismissing the petition is brief and in the usual form and assigns no reasons therefor. However, it is stated in brief of counsel that the court sustained the demurrer upon the theory that the exhibit or contract filed with the petition rendered the petition bad on demurrer, and that plaintiff should have been more diligent in advising herself as to the interest and rights of T. C. Wright.

The petition might have been more aptly drawn and the contract filed therewith might have been more definite. However, since a pleading is measured by its substance rather than form, we think that the allegations of the petition together with the contract filed therewith stated a cause of action. The substance of the petition is, as we understand it, that T. C. Wright represented to the plaintiff that he owned an assignable contract or lease to occupy and operate the filling station and that his assignment of same to plaintiff would vest her with all his rights and she would be entitled to take possession of the business and operate it, and that believing and relying upon such representations she was induced to and did sign the contract, whatever its import might be, and paid to Wright the sum of $400 for his said privilege and rights. It is insisted for appellee that the plaintiff is bound by the contract filed and that it is insufficient to support the allegations of the petition or otherwise show a cause of action. It is to be noticed that the contract mentions the value of the gasoline, oils, and greases on hand at the time the station was to be taken over by the purchaser but the language of the contract does not purport to show that the $400 was paid solely for the gasoline, oil and greases, but to the contrary from the allegations of the petition and the contract considered together, it is obvious that the plaintiff was induced to believe that she was purchasing the right to occupy and operate the business as well as the right to such materials as were then on hand. It is apparent from the face of the contract that it was a blank

form of contracts to be used in like and similar transactions, which perhaps accounts for its being more or less indefinite and vague. There is no escape from the conclusion that the petition stated a cause of action and the allegations thereof were not destroyed or rendered bad on demurrer because of the contract. The contract is not as definite as the allegations of the petition but so far as it goes it is not inconsistent therewith to the extent of destroying the cause of action set out in the petition. The contract does not purport to set out T. C. Wright's interest in the business nor deal with his right to assign same. It merely evidences the purchase price to be paid which is the same as alleged in the petition, and deals with other events and contingencies which are not contradictory to or inconsistent with the petition.

It is insisted that appellant should have made further investigation and advised herself of the interest that Wright might have owned in the business and his right to assign same to the plaintiff. We do not think this position is tenable. In Trimble v. Ward, 97 Ky. 748, 31 S. W. 864, 866, 17 Ky. Law Rep. 508, in discussing a similar question the court said:

"A man may act upon a positive representation of facts, notwithstanding the fact that the means of knowledge were specially open to him, or though he had legal notice, as, for example, in the public registry, of the real state of things."

Plaintiff had the right to rely upon the representations of T. C. Wright and it is not material that she might have ascertained the true facts of the situation had she endeavored to do so.

It is our conclusion therefore that the petition stated a cause of action as against T. C. Wright and the court erred in sustaining the demurrer thereto.

Wherefore the motion for appeal is sustained, appeal granted, and the judgment reversed and remanded for proceedings consistent with this opinion.